UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE RAY, JR.,

                              Plaintiff,

                                                                             DECISION AND ORDER

                                                                             04-CV-6191L

            v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS, et al.,

                              Defendants.
_____

      Plaintiff, Willie Ray, Jr., appearing *pro se*, commenced this action under 42 U.S.C. § 1983 on April 28, 2004. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued DOCS and several DOCS officials and employees, alleging that defendants violated plaintiff's rights under the Eighth Amendment to the United States Constitution through their deliberate indifference to plaintiff's medical needs in connection with plaintiff's treatment for hepatitis C. Defendants have moved for summary judgment. Plaintiff has not responded to the motion.

## DISCUSSION

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Applying this rule, the Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion. *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

If such notice has been given, "[t]he fact that there has been no response to a summary judgment motion does not ... mean that the motion is to be granted automatically. Such a motion may properly be granted only if the facts as to which there is no genuine dispute 'show that the moving party is entitled to a judgment as a matter of law.'" *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996) (quoting Fed. R. Civ. P. 56(c)).

In the case at bar, both defendants' notice of motion (Dkt. # 29) and this Court's scheduling order (which gave plaintiff until August 25, 2005 to respond to defendants' motion) (Dkt. # 37) put plaintiff on notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. Specifically, the notice of motion states, in part, that "[a]ny

factual assertions arising out of the exhibits attached to defendants' counsel's affidavit will be accepted by the District Judge as being true unless you submit affidavits or other documentary evidence contradicting those assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you." The notice also stated that if plaintiff failed to submit his own Rule 56 Statement of material facts in dispute, "all material facts set forth in defendants' Rule 56 Statement will be deemed admitted."

Likewise, the scheduling order states, in part, that: "Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial"; "Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendants"; "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendants, the Court may accept defendants' factual assertions as true"; and "In the absence of [a Rule 56] statement by plaintiff, all material facts set forth in defendants' statement of material facts not in dispute will be deemed admitted."

Clearly, then, plaintiff was given more than adequate notice of his obligation to respond to defendants' motion, and of the consequences of not doing so. *See Champion*, 76 F.3d at 486. Accordingly, the Court will accept the truth of defendants' factual allegations, and determine whether they are entitled to summary judgment.[1]

---

[1] The DOCS Inmate Lookup internet service, http://nysdocslookup.docs.state.ny.us,
(continued...)

**II. Defendants' Motion for Summary Judgment**

The gist of plaintiff's claim is that he suffers from hepatitis C, and that defendants have refused to provide him with adequate medical treatment. In particular, plaintiff alleges that he asked DOCS officials that he be allowed to undergo a biopsy of his liver, and that they refused his request.

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the

---

[1](...continued)
indicates that plaintiff was released on parole on July 18, 2005. Defendants state that their motion papers were mailed to plaintiff at Groveland Correctional Facility (the most recent address provided by plaintiff) on that same date, and the Court's scheduling order was issued on July 28.

It is not clear, then, whether, because of his release, plaintiff did not receive the motion papers and scheduling order, or whether he has simply lost interest in prosecuting this case now that he is no longer in prison. It makes no difference, though, because Rule 5.2(d) of the Local Rules of Civil Procedure for this district provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." The rule further states that "the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Even if plaintiff never received these papers, then, that is the result not of his release but of his failure to comply with his obligation to inform the Court of his current address.

failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain' ") (quoting *Chance*, 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective element. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at

106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

Applying these standards here, I find that defendants are entitled to summary judgment. Defendants have submitted an affidavit of Qutobuddin Dar, M.D., a physician at Groveland Correctional Facility (where the relevant events occurred), who has reviewed plaintiff's medical records and explained why, in Dr. Dar's opinion, plaintiff did receive adequate medical treatment at Groveland, including a liver biopsy in August 2004. Dkt. #34. Defendants have also submitted plaintiff's medical records, which support Dr. Dar's opinion. Those medical records (which have been filed under seal to protect plaintiff's privacy interests) show that plaintiff was diagnosed with hepatitis C in January 2004, and that various tests and procedures were performed, and treatments administered.

Based on this uncontroverted evidence, I find that defendants are entitled to summary judgment. The essence of plaintiff's claim is that the doctors and other medical staff at Groveland acted negligently and did not take appropriate steps which he claims were necessary, or that they did

not take those steps soon enough. I do not believe such a claim is supportable, but even if it were, a claim for negligence or malpractice does not constitute a viable claim of a constitutional violation. Much more is required. There is no evidence of any kind that any of the defendants were deliberately indifferent to plaintiff's medical condition, nor is there any proof that they acted with a culpable state of mind or intended in some way to inflict pain on plaintiff. As stated earlier, mere negligence or medical malpractice does not give rise to a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106. Plaintiff's dissatisfaction with the care that he received is therefore not sufficient to state a viable § 1983 claim. *See Griswold v. Morgan*, 378 F.Supp.2d 328, 334 (W.D.N.Y. 2005).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #29) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 7, 2005.

.